**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ronald J. ROUSSEAU, D. P. M., Defendant-Appellant.**

**No. 75–2669**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

June 18, 1976.

Ross Barnett, Jr., Jackson, Miss., (Court-appointed), for defendant-appellant.

Robert E. Hauberg, U. S. Atty., E. Donald Strange, Asst. U. S. Atty., Jackson, Miss., for plaintiff-appellee.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Before BROWN, Chief Judge, GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

This is a prosecution of a podiatrist for misrepresenting the type of medical treatment that he performed on 20 elderly patients at a rest home on government Medicare forms. Apparently, the testimony indicated that instead of treating the patients for fungus infections of the toenails and ingrown toenails, which were compensable illnesses under the Medicare Act, he merely trimmed their toenails and performed other services which were not compensable under the Act.

■ The sole issue is whether there was sufficient evidence to convict. The case was based on circumstantial evidence because the government's main testimony was by three doctors and a lab technician who testified that they examined the patients some 27 days after the defendant treated them and found that there was no evidence that the treatment which was allegedly performed was actually performed on most of the persons examined.

The test for sufficiency of the evidence is the same whether the evidence is direct or circumstantial, *United States v. Warner,* 5 Cir., 1971, 441 F.2d 821, 825, and, viewed in the light most favorable to the government, the evidence must be such that a reasonably minded jury could find the evidence inconsistent with every reasonable hypothesis of defendant's innocence. *United States v. Gomez-Rojas,* 5 Cir., 1975, 507 F.2d 1213, 1221; *United States v. Moore,* 5 Cir., 1974, 505 F.2d 620, 623.

■ The evidence in this case satisfies this standard. The jury was entitled to give little credence to the defendant's testimony that he did perform the compensable services and the eyewitness statements of his assistants that he performed these services because all of these witnesses were interested parties. On the other hand, the government did present substantial medical expert testimony that the services were not performed although the examination forming the basis of this testimony was remote in time from the actual situation at the time of examination.

One piece of evidence which is particularly persuasive is that the defendant reported that he made an analysis and inspection on the same day of treatment of fungus cultures designed to determine the presence of fungus in the toenails of the patients. However, the medical testimony clearly showed that these cultures would require as much as two weeks to develop and therefore it would have been impossible for him to evaluate the cultures on the same day that he made the examinations.

AFFIRMED.